United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA MODACURE,<br><br>        Plaintiff,<br><br>    v.<br><br>B& B VEHICLE PROCESSING, INC., et al.,<br><br>        Defendants. | Case No.  16-cv-06022-DMR<br><br>**ORDER GRANTING IFP APPLICATION AND REMANDING TO ALAMEDA COUNTY SUPERIOR COURT**<br><br>Re: Dkt. Nos. 1, 2 |

Plaintiff Joanna Modacure filed a notice of removal and an application to proceed *in forma pauperis* ("IFP").  [Docket Nos. 1, 2.]  Having considered Plaintiff's papers, the court grants the application to proceed IFP and remands this action to Alameda County Superior Court.[1]

## I.  DISCUSSION

### A.  IFP Application

A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security.  *See* 28 U.S.C. § 1915(a).  Having evaluated Plaintiff's financial affidavit, the court finds that she has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and grants the application to proceed IFP.

### B.  Removal Jurisdiction

The court's grant of Plaintiff's application to proceed IFP, however, does not mean that she may continue to prosecute her complaint.  A court is under a continuing duty to dismiss a case

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c)(1).  On November 17, 2016, Defendants filed a joint motion to remand this case to state court.  [Docket No. 15.]

1    filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous

2    or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

3    against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

4           Plaintiff removed this action pursuant to 28 U.S.C. §§ 1441 and 1446.  Notice of Removal

5    ¶ 10.  Attached to the notice of removal is a complaint filed by Plaintiff in Alameda County

6    Superior Court against Defendants B & B Vehicle Processing Inc., City of Oakland Police

7    Department, Oakland Parking Citation Assistance Center, and Paylock.  Notice of Removal at 13-

8    19.  It appears that Plaintiff complains that Defendants wrongfully towed her car and that Plaintiff

9    seeks to prevent Defendants from selling her car.  Plaintiff asserts that Defendants' actions violate

10   various California Vehicle and Civil Code provisions as well as her federal and state constitutional

11   rights.  *See id.*

12          Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the

13   district courts of the United States have original jurisdiction, may be removed by the defendant or

14   other defendants, to the district court of the United States for the district and division embracing

15   the place where such action is pending."  28 U.S.C. § 1441(a).  "If the district court at any time

16   determines that it lacks jurisdiction over the removed action, it must remedy the improvident grant

17   of removal by remanding the action to state court."  *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d

18   831, 838 (9th Cir.), *opinion amended on denial of reh'g,* 387 F.3d 966 (9th Cir. 2004) (citing 28

19   U.S.C. § 1447).  "The removal statute is strictly construed against removal jurisdiction, and the

20   burden of establishing federal jurisdiction falls to the party invoking the statute."  *Id.*  Under 28

21   U.S.C. § 1441, the right to remove a case to federal court is vested exclusively in the defendant or

22   defendants, not in the plaintiff.  *See* 28 U.S.C. § 1441(a).  A plaintiff is precluded from removing

23   actions to federal court, even to defend against a counterclaim or cross-claim.  *See Progressive*

24   *West Ins. Co. v. Preciado*, 479 F.3d 1014, 1017-18 (9th Cir. 2007) (discussing "longstanding rule"

25   from *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)), that "a plaintiff/cross-defendant

26   cannot remove an action to federal court").  Therefore, Plaintiff has no right to remove this action

27   from state court.

28

United States District Court
Northern District of California

2

## II.  CONCLUSION

For the foregoing reasons, Plaintiff's IFP application is granted and this action is remanded to Alameda County Superior Court.  Defendants' motion to remand is denied as moot.

**IT IS SO ORDERED**.

Dated: December 5, 2016

_____
DONNA M. RYU
United States Magistrate Judge

United States District Court
Northern District of California

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA MODACURE,<br><br>   Plaintiff,<br><br>  v.<br><br>B& B VEHICLE PROCESSING, INC., et al.,<br><br>   Defendants. | Case No.4:16-cv-06022-DMR<br><br>**CERTIFICATE OF SERVICE** |

  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

  That on 12/5/2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joanna  Modacure
1501 37th Ave., B1
Oakland, CA 94601

Dated: 12/5/2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Ivy Lerma Garcia, Deputy Clerk to the
Honorable DONNA M. RYU